UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CENTRAL DIVISION**                                   Docket No. 4:10-cv-10827-TSH

| | |
|---|---|
| **SURABIAN REALTY CO., INC.,** | ) )  ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **PREMIER EDUCATION GROUP, L.P. D/B/A/ THE SALTER SCHOOL and WILLIAM M. ANJOS, Individually,** | ) ) ) ) |
| **Defendants** | ) ) |

**PLAINTIFF'S Fed. R. Civ. P. 56(f) OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(f), Plaintiff submits this Opposition together with the supporting Affidavit of Roy A. Bourgeois. Plaintiff separately opposes Defendants' converted motion for summary judgment on the merits, and submits its Memorandum in Opposition as well as its Local Rule 56.1 Statement of Material Facts in Dispute. However, because Defendants have yet to respond to Plaintiff's outstanding discovery requests, and because responses to those requests may affect the outcome of Defendants' converted motion for summary judgment, the Court should either deny Defendants' motion outright or order a continuance.

Plaintiff does not submit this separate Fed. R. Civ. P. 56(f) opposition for purposes of delay, but as an alternative to its standard Opposition because, regardless of the merits of Defendants' motion for summary judgment, it has been filed prematurely. Not only has

Defendant Premier Education Group, L.P. ("Premier") yet to serve responses to outstanding discovery requests, but also it has yet to make the initial disclosures required by Fed. R. Civ. P. 26. See Affidavit of Roy A. Bourgeois, ¶¶ 2-5 and Exhibits A1-A3 thereto.  Responses to the discovery requests, and the substance of the initial disclosures, would likely affect the outcome of Defendants' motion for summary judgment as the subject of the discovery requests (and possibly correspondence or other documents included in the initial disclosures) relate directly to material fact issues in dispute. Id.

It should be noted that Plaintiff does not mean to imply delinquency on Defendants' part with respect to the discovery requests, as they duly asked for an extension. Id.  However, their decision to file a motion for summary judgment after obtaining an extension from Plaintiff's counsel through July 14, 2010 or until after the Court's decision on Plaintiff's Motion to Dismiss for Lack of Jurisdiction (whichever is earlier) raises questions about their sincerity in asking for the extension.[1] Id.  Defendants should not be allowed to exploit Plaintiff's courtesy in this way.

The First Circuit has stated that "slavish adherence to Rule 56(f)'s formal requirements" is not required, but requests under Rule 56(f) must 1) be presented timely; 2) show good cause for the party's failure to discover the necessary facts sooner; 3) make a plausible showing that the necessary facts exist and can be discovered within a reasonable time period; and 4) show that the sought facts would affect the outcome of the pending motion for summary judgment. *Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006), citing *Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994) and *Velez v. Awning*

---

[1] The nature of the extension Defendants requested acknowledges that the Court should address Plaintiff's Motion to Dismiss for Lack of Jurisdiction before considering Defendants' motion for summary judgment.

*Windows, Inc.*, 375 F.3d 35, 39-40 (1st Cir. 2004).

Here, Plaintiff's 56(f) opposition is presented within the time given for responses to summary judgment motions. Fed. R. Civ. P. 56(c)(1)(B). Plaintiff can hardly be faulted for failing to discover the necessary facts sooner, as it served discovery requests immediately upon initiating litigation just two months ago. Affidavit of Roy A. Bourgeois, ¶¶ 2-5 and Exhibits A1-A3 thereto. The necessary facts include, but are not limited to, admissions concerning existing photographic evidence; the content of initial disclosures required by Fed. R. Civ. P. 26; facts relevant to any investigation into supposed "problems" that Defendants have claimed existed with respect to the additional demised premises; the condition of the demised premises; and Defendants' preparations (or lack thereof) to commence and complete the build out of the additional demised premises. All of these facts would clearly affect the outcome of Defendants' converted motion for summary judgment because they concern the material factual disputes that Defendants claim do not exist.

Accordingly, without waiving its substantive arguments in opposition to Defendants' converted motion for summary judgment, Plaintiff requests that the Court either deny the motion outright or order a continuance allowing for discovery to be conducted.

Respectfully Submitted,

Plaintiff Surabian Realty Co., Inc.
by its Attorneys,


/s/Roy A. Bourgeois
Roy A. Bourgeois BB0# 051020
Benjamin C. Rudolf, BBO#667695
Bourgeois, Dresser, White & McGourthy, LLP
4 Dix Street
Worcester, MA 01609
(508) 798-8801
royb@bdwlaw.com
brudolf@bdwlaw.com


## CERTIFICATE OF SERVICE

I, Benjamin C. Rudolf, attorney for Plaintiff Surabian Realty Co., Inc., hereby certify in accordance with Local Rules 5.2(b) and 5.4(C) that I filed the foregoing electronically with the Court today and that the same has been served by electronic means on counsel for the Defendants. I have also served counsel for the Defendants via first-class mail and email.

/s/Benjamin C. Rudolf
Benjamin C. Rudolf

Dated: June 25, 2010.