UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CENTRAL DIVISION**  Docket No. 4:10-cv-10827-TSH

|  |  |
|---|---|
| SURABIAN REALTY CO., INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| PREMIER EDUCATION GROUP, L.P. D/B/A/ THE SALTER SCHOOL and WILLIAM M. ANJOS, Individually, | ) |
| Defendants | ) |

**AFFIDAVIT OF ROY A. BOURGEOIS**

I, Roy A. Bourgeois, hereby state and depose as follows:

1. I am an attorney representing Plaintiff Surabian Realty Co., Inc. ("Plaintiff") in the above-referenced matter. I submit this Affidavit together with Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Fed. R. Civ. P. 56(f) Opposition.

2. True and accurate copies of the following documents are attached as Exhibits A1, A2, and A3 hereto:

   a) Plaintiff's First Set of Interrogatories to Defendant Premier Education Group, L.P. ("Premier");

   b) Plaintiff's First Request for Production of Documents to Premier; and

   c) Plaintiff's First Request for Admissions to Premier.

F:\docs\surabedu\surabedu.052

The original photos attached to Plaintiff's First Request for Admissions were in color. Black and white copies are submitted here, to reduce the file size for electronic filing purposes. Should the Court desire color copies, Plaintiff can provide them.

Each of the above-referenced discovery requests was served on counsel for Defendants on April 28, 2010.  To date, Premier has failed to provide any response.

3.      On May 21, 2010 I wrote to counsel for Defendants and informed them that despite their removal of this matter to Federal Court Plaintiff expected responses to the discovery requests that had been served.  I indicated my willingness to accommodate Defendants by granting additional time to respond and also that Plaintiff expected Defendants' initial disclosures in accordance with Fed. R. Civ. P. 26.  A true and accurate copy of that correspondence is attached as Exhibit B hereto.

4.      To date, Defendants have not served any response to Plaintiff's discovery requests and have not provided any initial disclosures pursuant to Fed. R. Civ. P. 26. Defendants, though their counsel, requested an extension for serving responses to the discovery requests through the earlier of July 14, 2010 or the Court's decision on Plaintiff's Motion to Dismiss for Lack of Jurisdiction.  Defendants made this request prior to filing their "Motion to Dismiss or in the Alternative for Summary Judgment."

5.      The issues raised by Plaintiff's discovery requests include, but are not limited to, the supposed basis for Defendants' statements concerning the flooring, HVAC and parking "problems" identified by their counsel in his April 8, 2010 letter to me; Defendants' investigation into those "problems," if any; and the reasons for Defendants' delay in commencing a build out of the additional demised premises.  Plaintiff's First Request for Admissions concerned the

condition of the additional demised premises as of April 28, 2010, including the multiple lease violations and the general unsafe, illegal state in which the additional demised premises had been kept. Defendants' responses to these requests could have direct effects on the outcome of Defendants' motion for summary judgment.

6. Attached as Exhibit C hereto is a true and accurate copy of correspondence I received from Matthew Donohue on December 29, 2008. At the time of the correspondence, Mr. Donohue was counsel for Premier Education Group, abbreviated in his correspondence as "PEG." The correspondence concerned Premier's desire to sell food on the premises of the Salter College and their contention that unless they could sell food they would not need the additional demised premises.

7. Attached as Exhibit D hereto is a true and accurate copy of correspondence I sent to Mr. Donohue on October 22, 2009 reiterating Surabian Realty Co.'s request for a sample of the liquid cleaner used by Premier on the floors of the leased premises.

Subscribed and sworn to this 25th day of June, 2010.

/s/ Roy A. Bourgeois