UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION                                  Docket No. 4:10-cv-10827-TSH

|                                              )
| SURABIAN REALTY CO., INC.,                   )
|                                              )
|          Plaintiff,                          )
|                                              )
| v.                                           )
|                                              )
| PREMIER EDUCATION GROUP, L.P.                )
| D/B/A/ THE SALTER SCHOOL and                 )
| WILLIAM M. ANJOS, Individually,              )
|                                              )
|          Defendants                          )
|                                              )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In accordance with Fed. R. Civ. P. 56 and Local Rule 56.1, Plaintiff Surabian Realty Co., Inc. ("Plaintiff" or "Surabian") submits this Memorandum in opposition to Defendants' motion for summary judgment as converted from their so-titled "Motion to Dismiss or in the Alternative for Summary Judgment."[1] Plaintiff separately submits its Fed. R. Civ. P. 56(f) Opposition on the grounds that responses to pending discovery requests, and the initial disclosures required by Fed. R. Civ. P. 26, could affect the outcome of any motion for summary judgment. Additionally, Plaintiff reiterates that the Court lacks subject matter jurisdiction over this case. However, Plaintiff submits this Memorandum in the alternative because Defendants' converted motion for

---

[1] For the reasons stated in Plaintiff's Opposition to Defendants' Motion to Dismiss, their motion should not actually be treated as a motion to dismiss. Having submitted affidavits and other material extrinsic to the Amended Complaint, Defendants automatically converted their motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(d).

summary judgment already fails on the merits.

Defendants' motion relies on nothing more than two affidavits – one of them itself dependent on hearsay – that lack credibility in light of the contrary evidence available. Especially since their motion ignores significant aspects of the claims against them, Defendants cannot bear their burden of demonstrating an absence of genuine issues as to the material factual disputes in this case. Their motion should be denied in its entirety.

## I. Introduction

Plaintiff relies on, and incorporates herein, its Local Rule 56.1 Statement of Material Facts in Dispute ("Plaintiff's 56.1 Statement") submitted herewith. As indicated in Plaintiff's 56.1 Statement, the Amended Complaint sets forth allegations concerning Premier Education Group, L.P.'s ("Premier") multiple breaches of its lease agreement with Surabian. Of those allegations, Defendants address only one alleged breach – Premier's failure to complete the build out of the "additional demised premises" subject to the Amended Lease. As to Premier's breach of its obligations to maintain the additional demised premises in good condition according to explicit standards, Defendants do not even attempt to suggest the absence of a material fact dispute.

In asserting that Premier had no obligation to complete the build out, Defendants attempt to frame the Complaint as based entirely on an allegation that Premier lacked the resources to complete the build out. Defendants then do their best to knock down that straw man with Ms. Keefe's hearsay-reliant affidavit. However, the question of <u>why</u> Defendants failed to complete

the build out has little actual importance.[2] The undisputed facts show that Defendants failed to complete the build out and therefore breached the Amended Lease.

Moreover, the evidence shows that Defendants threatened Surabian with litigation on the basis of a parking "issue" that 1) had never been mentioned prior to the letter threatening litigation; 2) was not discussed with the Town of West Boylston Building Inspector until after the litigation threat, and even then only to create a paper trail; and 3) lacked any merit. See Plaintiff's 56.1 Statement generally. This evidence supports much more than an inference that Premier engaged in misrepresentations to avoid the build out obligation.

Also manufactured as "issues" supposedly ripe for litigation, and fraudulently framed to pressure Surabian, were flooring problems that had resulted from Defendants' poor maintenance and a challenge involving the HVAC unit for the additional space, which was entirely Defendants' responsibility under the clear terms of the lease agreement. Mr. Anjos cooperated with this effort to misrepresent the status of the additional leased premises and signed his name to the letter Defendants now point to as evidence that the parking issue was genuine.

Finally, Defendants violated multiple obligations under the lease agreement by leaving the additional demised premises in an unuseable, dangerous and illegal condition. Defendants' converted motion for summary judgment simply does not address these allegations, made in Paragraphs 16-18 of the Amended Complaint. Plaintiff has submitted photographic evidence

---

[2]Incidentally, Plaintiff never suggested that Premier as a whole was failing financially. The Amended Complaint simply alleges that at some point late in 2008 Defendants made a business judgment that their expectations had been overly optimistic, and that it was not in Premier's interest to continue with the expansion of the premises. Defendants have vigorously defended the Salter School's financial reputation and the prospects of its existing programs, but they have not introduced any concrete evidence that Premier is still committed to expansion of the Salter School and the corresponding build out.

showing the state of the additional demised premises on June 8, 2010. See Exhibits B1-B35 to the Affidavit of Andrew Surabian submitted with Plaintiff's Opposition to Defendant's Motion to Dismiss.

## II. Argument

The Court must view the evidence in a light most favorable to Plaintiff, the non-moving party. *LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 841 (1st Cir. 1993). In that light, Defendants must bear a burden of demonstrating an absence of evidence supporting Plaintiff's case. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986)). They must bear that burden before any burden-shifting to the Plaintiff occurs. With respect to the majority of fact disputes in this matter, Defendants fail to meet their initial burden. As to the other disputes, existing evidence clearly demonstrates a genuine issue.

### A. Breach of Contract and Breach of the Implied Covenant

Premier breached its lease agreement with Surabian in multiple ways. First, the Amended Lease requires it to complete a build out of the additional demised premises. The plain language reflects mutually dependent covenants – Plaintiff's agreement to forgo nine months' rent was designed to allow Premier an opportunity to complete the build out before moving in and paying as a regular lessee.

If the Amended Lease contains any ambiguity, it can easily be resolved by a review of the circumstances under which the parties executed that agreement. Plaintiff and Defendants had discussed the build out, as Defendants acknowledge. See Amended Complaint, ¶¶ 7-9; see Defendant's 56.1 Statement No. 9 and Plaintiff's Response thereto. The additional demised

premises, which at the time the Amended Lease was executed consisted of two divided stores in rentable condition, would have been of no use to Premier without a build out. Id. Absent Defendants' commitment to complete the build out, Plaintiff would not have agreed to rent Premier space that could have been used by other tenants. Id.

Defendants cannot dispute that Premier has failed to complete the build out, more than two years after executing the Amended Lease. See Amended Complaint, ¶¶ 15-18; Plaintiff's 56.1 Statement; see Affidavit of Andrew Surabian, ¶ 7 and Exhibits B1-B35 thereto. They further concede that they demolished the additional demised premises, as shown by the photographs attached to the Affidavit of Andrew Surabian. See Affidavit of William M. Anjos, ¶ 9 (Premier "has already completed the necessary demolition"). The demolition was completed soon after Premier took over the space, but Defendants still have not commenced the build out. As a result, the additional demised premises have lain for more than a year in an unsafe, unuseable condition violative of the lease terms. Amended Complaint, ¶¶ 15-18; Affidavit of Andrew Surabian, ¶ 7 and Exhibits B1-B35 thereto.

At no point in Defendants' converted motion for summary judgment do they so much as address the condition of the additional demised premises, let alone establish the absence of a triable material fact issue.

### B. Violation of M.G.L. c. 93A; Fraud; Tortious Interference

Paragraphs 12-14 of the Amended Complaint set forth detailed allegations concerning Defendants' violations of M.G.L. Chapter 93A, their fraud and misrepresentation, and their tortious interference with Plaintiff's business relationship with the Town of West Boylston. The ample sufficiency of these allegations has been addressed previously in the context Plaintiff's

Motion to Dismiss for Lack of Jurisdiction and Defendants' Motion to Dismiss. For purposes of summary judgment, Defendants point only to two affidavits in asserting the absence of a material fact dispute: Mr. Anjos' own affidavit and that of Charlene Keefe. Neither can support Defendants' burden at summary judgment, and both are contradicted by the available evidence.

In a letter dated April 8, 2010 Defendants' counsel threatened Surabian with litigation to rescind the Amended Lease on the basis of three supposed "issues" with the additional demised premises. See Plaintiff's 56.1 Statement. Those issues included a problem with the flooring in the original leased space that had developed as a result of the cleaning agent used by Defendants to maintain the floors. Id. The April 8 letter disingenuously attempted to cite an unrelated flooring issue as evidence of Plaintiff's responsibility, even though Defendants clearly have responsibility over floor maintenance under the terms of the lease. Id. Defendants' counsel also complained that the roof over the additional demised premises could not support their proposed HVAC unit – despite knowing that the proposed unit was too large and that other units would suffice for the space's needs.

The April 8 letter also announced, for the first time, Defendants' position that the available parking was insufficient for the additional demised premises. Id. The letter did not equivocate but stated very clearly that parking was insufficient and demanded that Surabian provide additional parking. Id. It did not suggest that Defendants "had questions" about the parking sufficiency, or that Defendants planned to contact the Town of West Boylston concerning the parking.

In light of the April 8 letter, evidence of a subsequent letter sent to the Town of West Boylston – signed by Mr. Anjos but drafted by Defendants' counsel – lacks credibility. The

April 12 letter to the Town of West Boylston also contained statements that Defendants knew to be false, concerning the amount of space Premier was renting. It also claimed that Premier had heard "complaints" about the parking. In light of its timing, the April 12 letter signed by Mr. Anjos served the clear purpose of supporting an attempt to extricate Premier from its lease obligations.

Against this evidence, Ms. Keefe's completely inadmissible report of a conversation she had at an uncertain time and Mr. Anjos' unsupported assurances do not establish the absence of a triable fact issue. Indeed, Defendants' own claims that Premier is now prepared to complete the build out of the additional demised premises (if true) are further evidence that the issues manufactured by their counsel's April 8 letter lacked any basis in reality.

### III. Conclusion

Defendants cannot support their burden of demonstrating the absence of triable fact issues, and in several respects do not even try. Photographic and testimonial evidence shows that Premier failed to complete the build out within two years of renting the additional demised premises and left the additional demised premises in an unsafe, unused and illegal condition. By doing so, Premier clearly breached its lease agreement with Surabian. Against this evidence, Defendants offer only irrelevant evidence of Premier's financial health and claimed intentions of completing the build out at some undetermined point in the future.

The evidence also shows that Premier, through its counsel and with the help of Mr. Anjos, threatened Surabian with manufactured, fraudulently framed legal "issues" and made deliberate misrepresentations to the Town of West Boylston Building Inspector. These efforts

were made to allow Premier to escape its obligations under the Amended Lease. The affidavits Defendants submit – one of which depends on inadmissible hearsay – fail to demonstrate the absence of a triable issue. If anything, they serve to underscore the material fact dispute before the Court.

On the merits alone, Defendants' converted motion for summary judgment fails. However, for the reasons stated in Plaintiff's Motion to Dismiss for Lack of Jurisdiction and in Plaintiff's Opposition to Defendants' own Motion to Dismiss, this Court lack subject matter jurisdiction in this case. Additionally, for the reasons given in Plaintiff's Fed. R. Civ. P. 56(f) affidavit the Court should enter an order continuing summary judgment until after Defendants have made their Fed. R. Civ. P. 26 initial disclosures and served responses to Plaintiff's preexisting discovery requests.

## REQUEST FOR ORAL ARGUMENT

Plaintiff requests that the Court hear oral argument on all issues implicated by Defendants' Motion to Dismiss, including Plaintiff's previously filed Motion to Dismiss for Lack of Jurisdiction.

Respectfully Submitted,

Plaintiff Surabian Realty Co., Inc.
by its Attorneys,


/s/Roy A. Bourgeois
Roy A. Bourgeois BBO# 051020
Benjamin C. Rudolf, BBO# 667695
Bourgeois, Dresser, White & McGourthy, LLP
4 Dix Street
Worcester, MA 01609
(508) 798-8801
royb@bdwlaw.com
brudolf@bdwlaw.com


**CERTIFICATE OF SERVICE**

I, Benjamin C. Rudolf, attorney for Plaintiff Surabian Realty Co., Inc., hereby certify in accordance with Local Rules 5.2(b) and 5.4(C) that I filed the foregoing electronically with the Court today and that the same has been served by electronic means on counsel for the Defendants. I have also served counsel for the Defendants via first-class mail and email.

/s/Benjamin C. Rudolf
Benjamin C. Rudolf

Dated: June 25, 2010.